### MANDELBAUM v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 20, 1924.)

No. 6407.

United States ☞91½, New. vol. 13A Key-No. Series—Government not required to reissue or pay lost unregistered War Savings Stamp certificates.

Under War Savings Stamp certificates, providing for registration of certificates and stating that, "unless registered, the United States will not be liable if payment be made to a person not the rightful owner," and that "upon payment hereof this certificate must be surrendered, and. the receipt printed hereon must be signed by the owner in the presence of the official to whom surrendered," the government was not required to reissue and pay lost unregistered certificates.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Bill by Sidney Mandelbaum against the United States. Decree of dismissal, and plaintiff appeals. Affirmed.

Howard L. Bump, of Des Moines, Iowa (James C. Hume,. of Des Moines, Iowa, on the brief), for appellant.

Ralph Pringle, U. S. Dist. Atty., of Red Oak, Iowa (John C. De Mar, Asst. U. S. Dist. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. Appellant brought this bill alleging ownership of certain unregistered War Savings Stamp certificates (with stamps attached) which had been stolen from him and prayed reissue

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and payment thereof, offering to give satisfactory indemnity. A motion to dismiss the bill was filed based upon the grounds that the court had no jurisdiction to order re-execution of these securities and that no cause of action was stated. From dismissal of the bill upon this motion, plaintiff brings this appeal.

This challenge to the jurisdiction refers only to the character of relief, namely, power to require reissue or re-execution of the certificates and stamps. As the prayer is also for recovery of the value of the certificates and for general relief, the jurisdictional question may be passed without consideration until it be determined whether the bill states a right to any relief.

The parties agree that the action is based upon an express contract which is set forth. This contract is on the certificates themselves.

The contention of appellant is that the certificates being nonnegotiable, no other person could obtain any legal right to payment and, as payment is negatived, the government owes to him the amounts represented by the certificates and that equity will, on the ground of accident, set up the instruments and permit recovery thereon. The position of the appellee is that the contract expressly provides that unregistered certificates shall not be paid unless presented by the owner and surrendered at time of payment and that the clear intent of the contract was that no lost, destroyed or stolen certificates should be paid.

It is not and cannot be challenged that a contract with the meanings contended for by appellee would be legal and enforceable. Therefore, the crucial matter is construction of this contract. The parts of the certificate pertinent to this inquiry are as follows:

"This certificate may be registered at any post-office of the first, second or third class, subject to such regulations as the Postmaster General may prescribe. Unless registered, the United States will not be liable if payment be made to a person not the rightful owner."

"Upon payment hereof, this certificate must be surrendered and the receipt printed hereon must be signed by the owner in the presence of the official to whom surrendered. In case of death or disability, a special receipt must be signed in form prescribed by the Secretary of the Treasury. Upon furnishing evidence of loss of a registered certificate satisfactory to the Secretary of the Treasury, the owner thereof shall be entitled to receive payment of the amount for which it shall have been registered."

The requirement that "upon payment hereof, this certificate must be surrendered and the receipt printed hereon must be signed by the owner in the presence of the official to whom surrendered" is entirely consistent with appellee's contention. But this requirement is·not the sole expression of intention in this respect.· The privilege of registry is obviously for the purpose of protecting the owner in case of loss of a certificate, but what need thereof if the appellee is liable on unregistered certificates which may be lost? Appellant contends this superior protection afforded by registration applied only where payment had been made to another than the owner. He refers to the second sentence on the certificate (above quoted) as proof of this limitation. That contention is answered by the last sentence quoted above which refers to loss irrespective of payment. Again, the careful statement of liability on lost or paid *registered* certificates is strong evidence that such liability was not to attach to unregistered certificates.

It is, also, contended by appellee that this case is determined by Treasury Department Circular No. 108 relating to War-Savings Certificates. That circular contains the following:

"A War-Savings Certificate which has been lost or destroyed will not be paid nor will a duplicate thereof be issued, unless the certificate has been registered in accordance with the regulations and instructions issued by the Postmaster General."

This circular was dated before these certificates involved here were issued and would govern because the act authorizing the certificates (40 Stat. 288, 291; Comp. St. Ann. Supp. 1923, § 6829*l*) provides that they shall be issued—

" * * * in such form or forms and subject to such terms and conditions, and may have such provisions for payment thereof before maturity, as the Secretary of the Treasury may prescribe."

However, appellant charges that this certificate, although dated before these certificates were issued was not in fact put out until they had been issued. Because of our view that the certificates themselves sustain the position of appellee and support the trial court, we think it unnecessary to solve this question concerning the circular.

The decree is affirmed.